# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff-Appellee,<br>v.<br>RICARDO RIZO-RIZO,<br><br>                Defendant-Appellant. | Case No.: 20-mj-20210-BMK-H<br><br>**ORDER AFFIRMING MAGISTRATE JUDGE CONVICTION AND JUDGMENT** |

On February 6, 2020, Defendant Ricardo Rizo-Rizo filed a notice of appeal to the district court. (Doc. No. 10.) The appeal is timely, and the Court has jurisdiction over the appeal pursuant to 18 U.S.C. § 3402.

## Background

On January 25, 2020, Defendant was arrested approximately three miles north of the United States/Mexico border and nineteen miles east of the Tecate, California Port of Entry. (Doc. No. 1 at 2.) Following his arrest, Defendant stated that he is a citizen of Mexico illegally present in the United States, and that he illegally entered the United States on January 25, 2020. (Id.)

On January 27, 2020, the Government filed a criminal complaint charging Defendant with being "an alien, [who] knowingly and intentionally attempted to enter the United

1

States of America with the purpose, i.e., conscious desire, to enter the United States at a time and place other than as designated by immigration officers, and committed an overt act, to wit, crossing the border from Mexico into the United States, that was a substantial step towards committing the offense, all in violation of Title 8, United States Code, Section 1325, a misdemeanor." (Doc. No. 1 at 1.) On January 27, 2020, Defendant appeared before the Magistrate Judge for an initial appearance. (Doc. No. 4.)

On January 30, 2020, Defendant appeared before the Magistrate Judge and entered an open plea of guilty without a plea agreement to the single count for violation of 8 U.S.C. § 1325(a)(1) in the complaint. (Doc. No. 15 at 2, 12; Doc. Nos. 7, 8.) During the hearing, counsel for Defendant objected to the Magistrate Judge's recitation of the elements of the offense, and the Magistrate Judge overruled the objection. (Doc. No. 15 at 9-10.) At the end of the hearing, the Magistrate Judge accepted Defendant's guilty plea and subsequently sentenced Defendant to time served. (Id. at 13, 15; Doc. Nos. 7, 8.)

The Magistrate Judge entered a final judgment on January 30, 2020. (Doc. No. 8.) On February 6, 2020, Defendant filed a timely notice of appeal. (Doc. No. 10.) See Fed. R. Crim. P. 58(g)(2)(B) (setting forth a 14-day deadline for filing an appeal from a magistrate judge's judgment of conviction).

## Discussion

"In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed." 18 U.S.C. § 3402. Federal Rule of Criminal Procedure 58(g)(2)(B) provides: "[a] defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry." Fed. R. Crim. P. 58(g)(2)(B).

On appeal, Defendant raises four challenges to his conviction for violation of 8 U.S.C. § 1325(a)(1). First, Defendant argues that his guilty plea must be vacated because the Magistrate Judge failed to advise Defendant accurately of the charged offense's elements. (Doc. No. 16 at 1, 3-12.) Second, Defendant argues that § 1325(a) is facially

unconstitutional under the Supreme Court's decision in Sessions v. Morales-Santana, 137 S. Ct. 1678 (2017). (Id. at 1, 12-16.) Third, Defendant argues that § 1325(a)(1) is unconstitutional because it violates the non-delegation doctrine. (Id. at 1, 16-17.) Fourth, Defendant argues that § 1325(a)(1) is unconstitutional because it is void for vagueness. (Id. at 1, 17.) The Court addresses each of these challenges in turn below.

### I.      Defendant's Rule 11 Challenge to His Guilty Plea

Defendant argues that his guilty plea must be vacated because the Magistrate Judge failed to accurately advise him of the charged offense's elements, thereby violating Federal Rule of Criminal Procedure 11. (Doc. No. 20 at 4.) Specifically, Defendant argues that the Magistrate Judge failed to inform him that in order to be convicted of attempted unlawful entry in violation of § 1325(a)(1), the government must prove that the defendant knew he was an "alien." (Id.) In response, the Government argues that knowledge of alienage is not an element of attempted entry in violation of § 1325(a)(1). (Doc. No. 17 at 4-13.)

"A plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'" Bousley v. United States, 523 U.S. 614, 618 (1998) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)). "There are a number of requirements that a plea colloquy must satisfy in order for a guilty plea to be considered voluntary and knowing." Tanner v. McDaniel, 493 F.3d 1135, 1146–47 (9th Cir. 2007).

"Federal Rule of Criminal Procedure 11 is designed 'to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary.'" United States v. Minore, 292 F.3d 1109, 1115 (9th Cir. 2002) (quoting McCarthy v. United States, 394 U.S. 459, 465 (1969)). Federal Rule of Criminal Procedure 11(b)(1) requires the court to "address the defendant personally in open court" and "inform the defendant of, and determine that the defendant understands . . . (G) the nature of each charge to which the defendant is pleading." Fed. R. Crim. P. 11(b)(1); see also Bousley, 523 U.S. at 618 ("The Supreme Court 'ha[s] long held that a plea does not qualify as intelligent unless a criminal defendant first receives 'real notice of the true nature of the

charge against him, the first and most universally recognized requirement of due process.'" (quoting Smith v. O'Grady, 312 U.S. 329, 334 (1941)). To comply with Rule 11(b)(1)'s requirement that the defendant be informed of "the nature of each charge," "the district court must advise the defendant of the elements of the crime and ensure that the defendant understands them." Minore, 292 F.3d at 1115. The adequacy of a Rule 11 plea colloquy is reviewed de novo. United States v. Villalobos, 333 F.3d 1070, 1073 (9th Cir. 2003).

In this case, in order to satisfy the Rule 11(b)(1)'s requirement that Defendant be informed of the nature of his charge, the Magistrate Judge engaged in the following colloquy with Defendant:

> THE COURT: Now, I'm now going to advise you of the elements of the offense that you are charged with. The elements are important for this reason. If you were to go to trial on this charge that I have described, on the charge that's pending against you, the Government would have to prove beyond a reasonable doubt each of these elements that I'm going to identify. And so the elements of the offense that you are charged with are as follows:
>
> First, the Defendant was at the time of Defendant's attempted entry into the United States an alien, that is, a person who is not a natural born or naturalized citizen or a national of the United States.
>
> Second, the Defendant had the specific intent to enter the United States at a time and place other than as designated by immigration officers.
>
> Third, the Defendant also had the specific intent to enter the United States free from official restraint, meaning the Defendant intended to enter without being detected, apprehended, or taken into custody by government authorities so that he or she could roam freely in the United States.
>
> And, fourth, the Defendant did something that was a substantial step toward committing the crime and that strongly corroborated the Defendant's intent to commit the crime.
>
> So do each of you understand these elements and the fact that if your case were to go to trial, the Government would have to prove each of these elements beyond a reasonable doubt in order for you to be convicted of this offense?
>
> (Pause while the Court heard other matters.)
>
> THE COURT: Mr. Rizo-Rizo?

THE DEFENDANT: Yes.

(Doc. No. 15 at 8-9.)

Defendant argues that this plea colloquy failed to comply with Rule 11 and inform him of the true nature of the charge because the Magistrate Judge failed to advise him of all of the elements of the charged offense. (Doc. No. 16 at 4.) To support this argument, Defendant asserts that knowledge of alienage is a required element for proving attempted unlawful entry in violation of § 1325(a)(1). (Id.) But "knowledge of alienage is not an element of § 1325(a)(1)." United States v. Vazquez-Sanchez, No. 319MJ23193FAGBTM, 2020 WL 2394969, at *4 (S.D. Cal. May 11, 2020); see United States v. Zeferino-De Jesus, No. 319MJ23139AHGDMS, 2020 WL 94373, at *8 (S.D. Cal. Jan. 7, 2020) ("[T]he Court disagrees that knowledge of alienage is an element of a charge under § 1325.").

Defendant argues that knowledge of alienage is required as an element of § 1325(a)(1) under basic attempt principles. (Doc. No. 16 at 5-7.) Specifically, Defendant argues that in determining whether a defendant has the intent to commit the relevant completed crime, "'a defendant should be treated in accordance with the facts as he supposed them to be,' not as they actually are." (Id. at 5 (quoting United States v. Quijada, 588 F.2d 1253, 1255 (9th Cir. 1978).) Defendant argues, therefore, that if a defendant genuinely (but incorrectly) believes that he is a U.S. citizen and then attempts to enter the United States, the defendant is not guilty of attempted unlawful entry in violation of § 1325(a)(1). (Id. at 6.)

"Quijada does not stretch as far as Defendant would like." Zeferino-De Jesus, 2020 WL 94373, at *8. In Quijada, the Ninth Circuit explained that "generally a defendant should be treated in accordance with the facts as he supposed them to be" in rejecting an impossibility defense to a conviction for attempt to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. See Quijada, 588 F.2d at 1255. In contrast, here, a defense of impossibility is not at issue as Defendant never raised an impossibility defense in the proceedings below or on appeal. Thus, Defendant's reliance on Quijada is misplaced. Quijada says nothing about how to determine the specific required elements of an attempt

crime. See Zeferino-De Jesus, 2020 WL 94373, at *8 (rejecting defendant's reliance on Quijada to prove that knowledge of alienage is a required element of 1325(a)(1)).

In arguing that knowledge of alienage is a required element of § 1325(a)(1), Defendant also relies on the Ninth Circuit's decision in United States v. Smith-Baltiher, 424 F.3d 913, 915 (9th Cir. 2005). (Doc. No. 16 at 6.) Again, Defendant's reliance on Ninth Circuit precedent is misplaced. In Smith-Baltiher, the Ninth Circuit held that a defendant was entitled to present a mistake of fact defense regarding his citizenship status that, if proven, would negate the mens rea element of his § 1326 attempted reentry charge. See 424 F.3d at 923-25; see also, e.g., United States v. Hernandez, 504 F. App'x 647, 648–49 (9th Cir. 2013) (holding that the defendant had the right to present a mistake of fact defense to a charge of attempted reentry in violation of § 1326). A defense of mistake of fact is not at issue here as Defendant did not raise this defense below or on appeal. Rather, Defendant's appeal is based on his contention that knowledge of alienage is a required element of the offense. Nowhere, in Smith-Baltiher does the Ninth Circuit hold or suggest that knowledge of alienage is a required element of attempted reentry or entry. Thus, the Court rejects Defendant's reliance on Smith-Baltiher. See Vazquez-Sanchez, 2020 WL 2394969, at *4 (rejecting defendant's reliance on Smith-Baltiher to prove that knowledge of alienage is a required element of 1325(a)(1)).

Defendant also argues that knowledge of alienage is required as an element of § 1325(a)(1) under the Supreme Court's decision in Rehaif v. United States. (Doc. No. 16 at 7-9.) The Court rejects this argument. Rehaif is inapplicable here.

In Rehaif, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. This holding was based on the text of § 924(a)(2)'s use of the term "knowingly." See id. at 2195–97 ("As 'a matter of ordinary English grammar,' we normally read the statutory term '"knowingly" as applying to all the subsequently listed elements of the crime.'").

6

In contrast, here, Defendant was not charged with violating 18 U.S.C. § 922(g) and § 924(a)(2). Rather, Defendant was charged with violating 8 U.S.C. § 1325(a)(1), which does not contain the term "knowingly." See 8 U.S.C. § 1325(a). Thus, Rehaif's holding is inapplicable to the present case. See United States v. Velazquez-Hernandez, No. 19CR03066-KSC, 2020 WL 475272, at *5 (S.D. Cal. Jan. 28, 2020) ("The question in Rehaif . . . concerned 'the scope of the word "knowingly,"' with the Supreme Court holding 'knowingly' applied to 'both defendant's conduct and status.' In contrast, here, Congress did not incorporate a 'knowingly' requirement into the text of § 1325(a)(1)."); Zeferino-De Jesus, 2020 WL 94373, at *8 ("Section 924(a)(2) expressly provides for punishment of a defendant who 'knowingly violates' § 922(g). There is no similar express requirement in 8 U.S.C. § 1325, however, that a violation be 'knowing.'"); United States v. Nunez-Soberanis, 406 F. Supp. 3d 835, 843 (S.D. Cal. 2019) ("[T]he Court concludes that the rationale in Rehaif is not directly applicable to a prosecution under § 1325 and does not require the Government to allege or prove that Defendant knew he was an alien.").

Further, in rejecting Defendant's contention that knowledge of alienage is a required element under § 1325(a)(1), the Court notes that the Ninth Circuit has explained that "[t]he reason for requiring specific intent for attempt crimes is to resolve the uncertainty whether the defendant's purpose was indeed to engage in criminal, rather than innocent, conduct." United States v. Gracidas-Ulibarry, 231 F.3d 1188, 1193 (9th Cir. 2000). But, here, Defendant has not "demonstrated that the failure to require a showing of knowledge of alienage in connection with attempted illegal entry under § 1325(a)(1) will allow for the prosecution of inculpable conduct." Vazquez-Sanchez, 2020 WL 2394969, at *4. Any person, whether a United States citizen or an alien, who attempts to cross the border outside a designated port of entry violates the law. See Nunez-Soberanis, 406 F. Supp. 3d at 844 (citing 19 U.S.C. § 1459); Zeferino-De Jesus, 2020 WL 94373, at *8.

In sum, the Court rejects Defendant's contention that knowledge of alienage is a required element of attempted unlawful entry in violation of § 1325(a)(1). See Vazquez-Sanchez, 2020 WL 2394969, at *3 ("Defendant's instant knowledge of alienage argument

has been consistently rejected by other courts in this district."). Because knowledge of alienage is not an element of the charged offense, Defendant has failed to show that the Magistrate Judge's plea colloquy violated Federal Rule of Criminal Procedure 11 and that his guilty plea is invalid.

## II.     Defendant's Facial Challenge to the Constitutionality of 8 U.S.C. § 1325(a)

Defendant argues that the Court should vacate his conviction for violation of 8 U.S.C. § 1325(a)(1) because § 1325 is facially unconstitutional under the Equal Protection Clause in light of the Supreme Court's recent decision in Sessions v. Morales-Santana, 137 S. Ct. 1678 (2017). (Doc. No. 16 at 1, 12-16.) The constitutionality of a statute is a question of law that is reviewed *de novo*. United States v. Dowai, 839 F.3d 877, 879 (9th Cir. 2016); United States v. Younger, 398 F.3d 1179, 1192 (9th Cir. 2005).

Here, Defendant raises a facial challenge to the constitutionality of 8 U.S.C. § 1325. (Doc. No. 16 at 12.) The Supreme Court has explained that "a plaintiff can only succeed in a facial challenge by 'establish[ing] that no set of circumstances exists under which the Act would be valid,' i.e., that the law is unconstitutional in all of its applications." Washington State Grange v. Washington State Republican Party, 552 U.S. 442, 449 (2008) (quoting United States v. Salerno, 481 U.S. 739, 745 (1987)). "[A] facial challenge must fail where the statute has a plainly legitimate sweep." Id. (internal quotation marks omitted). "In determining whether a law is facially invalid, [a court] must be careful not to go beyond the statute's facial requirements and speculate about 'hypothetical' or 'imaginary' cases." Id. at 449–50.

Title 8, United States Code, Section 1325(a) provides that: "Any alien who . . . (1) enters or attempts to enter the United States at any time or place other than as designated by immigration officers, . . . , shall, for the first commission of any such offense, be fined under Title 18 or imprisoned not more than 6 months, or both . . . ." 8 U.S.C. § 1325. Title 8, United States Code, Section 1101(a)(3) defines the term "alien" and provides that: "The term 'alien' means any person not a citizen or national of the United States." 8 U.S.C. § 1101(a)(3).

In Morales-Santana, the Supreme Court held that the gender-based distinctions for derivative citizenship set forth in 8 U.S.C. §§ 1401(a)(7) and 1409(a) and (c) violate the Equal Protection Clause and, therefore, are unconstitutional. 137 S. Ct. at 1698, 1700–01 ("The gender-based distinction infecting §§ 1401(a)(7) and 1409(a) and (c), we hold, violates the equal protection principle."). Derivative citizenship is the "acquisition of U.S. citizenship by a child born abroad, when one parent is a U.S. citizen, the other, a citizen of another nation." Id. at 1686.

Defendant argues that because a conviction under § 1325 requires that the government prove that the defendant is "not a citizen or national," the Supreme Court's holding in Morales-Santana renders § 1325 facially unconstitutional. (Doc. No. 16 at 15-16.) The Court disagrees.

In order to succeed with his facial challenge to the constitutionality of § 1325, Defendant must establish that no set of circumstances exists under which the statute would be valid, i.e., the law is unconstitutional in all of its applications. See Washington State Grange, 552 U.S. at 449. Defendant is unable to meet this burden because "[t]he severability clause in the Immigration and Nationality Act ('INA') dictates that the remainder of 8 U.S.C. §§ 1401 and 1409 was not affected by Morales-Santana." United States v. Duffy, 752 F. App'x 532, 533 (9th Cir. 2019) (citing 8 U.S.C. § 1101 note ("If any provision of this title . . . is held invalid, the remainder of the title . . . shall not be affected thereby.")); accord United States v. Madero-Diaz, 752 F. App'x 537, 538 (9th Cir. 2019). Thus, Defendant could properly be convicted under 8 U.S.C. § 1325, which incorporates the definitions of "alien" and "citizen" that were not affect by Morales-Santana. See id. In sum, Defendant has failed to establish that 8 U.S.C. § 1325 is facially unconstitutional. See Duffy, 752 F. App'x at 533 (rejecting a facial challenge to the constitutionality of 8 U.S.C. § 1326 based on the Supreme Court's decision in Morales-Santana); United States v. Mayea-Pulido, 946 F.3d 1055, 1066 n.10 (9th Cir. 2020) (same); United States v. Benito-Mendoza, No. 19-MJ-23597-RNB-CAB, 2020 WL 206183, at *2 (S.D. Cal. Jan. 13, 2020) (rejecting a facial challenge to the constitutionality of 8 U.S.C. §

1325 based on the Supreme Court's decision in Morales-Santana).

## III. Defendant's Non-Delegation Challenge to § 1325(a)(1)

Defendant argues that § 1325(a)(1)'s reference to a "designated" place of entry violates the non-delegation doctrine. (Doc. No. 16 at 1, 16-17.) "Article I of the Constitution provides that '[a]ll legislative Powers herein granted shall be vested in a Congress of the United States.'" Gundy v. United States, 139 S. Ct. 2116, 2123 (2019). "Accompanying that assignment of power to Congress is a bar on its further delegation." Id. Thus, Congress "may not transfer to another branch 'powers which are strictly and exclusively legislative.'" Id. (quoting Wayman v. Southard, 23 U.S. 1, 42–43 (1825)).

Nevertheless, the Supreme Court has acknowledged "that in our increasingly complex society, replete with ever changing and more technical problems, Congress simply cannot do its job absent an ability to delegate power under broad general directives." Mistretta v. United States, 488 U.S. 361, 372 (1989). Thus, "a statutory delegation is constitutional as long as Congress 'lay[s] down by legislative act an intelligible principle to which the person or body authorized to [exercise the delegated authority] is directed to conform.'" Gundy, 139 S. Ct. at 2123 (quoting Mistretta, 488 U.S. at 372). In other words, "[t]he constitutional question is whether Congress has supplied an intelligible principle to guide the delegee's use of discretion." Id.

Section 1325(a)(1) "makes it a crime to 'enter[] or attempt[] to enter the United States at any time or place other than as designated by immigration officers.'" United States v. Corrales-Vazquez, 931 F.3d 944, 950 (9th Cir. 2019) (quoting 8 U.S.C. § 1325) ("Section 1325(a)(1) covers aliens who enter or attempt to enter outside of an open port of entry."). Defendant notes that, by its plain language, whether a defendant's conduct violates § 1325(a)(1) depends on what places immigration officers in the executive branch have designated for entry. (Doc. No. 16 at 16.) Defendant argues that because "[a]n immigration officer can decide what to designate for any reason or no reason at all," this delegation of scope in a criminal statute violates the non-delegation doctrine. (Id. at 16-17.)

The Court disagrees. Defendant's non-delegation argument is based on the flawed premise that any immigration officer can arbitrarily designate ports of entries. This is incorrect.

> Congress requires that aliens seeking lawful entrance to the United States do so at a port of entry. See United States v. Corrales-Vazquez, 931 F.3d 944, 946 (9th Cir. 2019); United States v. Aldana, 878 F.3d 877, 882 (9th Cir. 2017). Ports of entry can only be designated or de-designated by the Secretary of Homeland Security subject to the Administrative Procedures Act. See 8 C.F.R. § 100.4(a). Ports of entry also necessarily include facilities, staffed by immigration officials that are set up to accept applications for admission. Aldana, 878 F.3d at 882. To interpret Section 1325(a) to permit a border patrol agent to designate a portion of the border fence "on a whim" is in direct conflict with Congress's clear statutory scheme.

Nunez-Soberanis, 406 F. Supp. 3d at 839–40.

Thus, Congress has supplied an intelligible principle within the language of § 1325(a)(1). Further, because § 1325(a)(1) and the related statutes do not give immigration officers "anything like the 'unguided' and 'unchecked' authority that [Defendant] says," his non-delegation challenge fails. Gundy, 139 S. Ct. at 2123. As such, the Court rejects Defendant's non-delegation challenge to § 1325(a)(1). See Nunez-Soberanis, 406 F. Supp. 3d at 839–40 (rejecting defendant's non-delegation challenge to § 1325(a)(1)); Vazquez-Sanchez, 2020 WL 2394969, at *3 ("Courts in this District have resoundingly rejected the non-delegation arguments presently raised by Defendant in the context of § 1325(a)(1)." (collecting cases)).

**IV. Defendant's Vagueness Challenge to § 1325(a)(1)**

Defendant also argues that § 1325(a)(1)'s reference to a "designated" place of entry renders the statute void for vagueness. (Doc. No. 16 at 17.) The Fifth Amendment of the United States Constitution provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." The Supreme Court has established that "the Government violates this guarantee by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." Johnson v. United

States, 135 S. Ct. 2551, 2556 (2015).

Defendant argues that § 1325(a)(1) is unconstitutionally vague because the statute allows an immigration officer to decide what places and times to designate for entry. (Doc. No. 16 at 17.) Defendants contends: "An immigration officer can decide what to designate for any reason or no reason at all." (Id.) This argument – like Defendant's non-delegation argument – is based on the flawed premise that any immigration officer can arbitrarily designate ports of entries. "[T]his is not correct. Individual Border Patrol agents cannot designate ports of entry on a 'whim.' Section 1325 clearly delineates the conduct that it prescribes, and is not impermissibly vague." Zeferino-De Jesus, 2020 WL 94373, at *7. As such, the Court rejects Defendant's vagueness challenge to § 1325(a)(1).  See id.; Vazquez-Sanchez, 2020 WL 2394969, at *3 ("Defendant's vagueness argument, which also relies upon his flawed assertion that § 1325(a)(1) allows 'immigration officers [to] alter what is designated for entry without a moment's notice[,]' has similarly been rejected by other courts in this district." (citation omitted) (collecting cases)).

## Conclusion

For the reasons above, the Court denies Defendant's appeal and affirms Defendant's conviction and judgment.

**IT IS SO ORDERED.**

DATED: June 11, 2020

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT